IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

----------------------------------------------------  :
HOMECOMINGS FINANCIAL, LLC,        :  CASE NO. 1:09 CV 2383
                                                              :
                                    Plaintiff,      :
                                                              :
            -vs-                                    :  <u>MEMORANDUM OF OPINION AND</u>
                                                              :  <u>ORDER DENYING DEFENDANT'S</u>
                                                              :  <u>MOTION TO DISMISS</u>
PATRICIA J. McNERNEY, et al.,         :
                                                              :
                                 Defendants.   :
----------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

        This matter comes before the Court solely on Defendant Patricia J. McNerney's

(Ms. McNerney") Motion to Dismiss Homecomings Financial, LLC's ("Homecomings")

Complaint in Foreclosure for lack of standing.  (Doc. 10; Doc. 13, Misfiled as a

Response but is actually a second filing of Defendant's brief at Doc. 10).  Homecomings

initially filed an opposition to Ms. McNerney's Motion to Dismiss, asking the Court to

strike the Motion to Dismiss as untimely.  (Doc. 11).  In denying Homecomings' request,

the Court now reaches the merits of the question presented, specifically, whether

Homecomings has standing to bring this foreclosure action against Ms. McNerney.

**Standard of Review**

"When subject matter jurisdiction is challenged under Rule 12(b) (1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."  Madison-Hughes v. Shalala, 80 F.3d 1121, 1130 (6th Cir. 1996).  "The irreducible constitutional minimum of standing contains three elements."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  First, a plaintiff must show that she has suffered an "injury" in fact.  Id.  She must have suffered "a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical.' "  Vermont Agency of Natural Resources v. United States ex rel. Stevens, 529 U.S. 765, 771 (2000), quoting, Whitmore v. Arkansas, 495 U.S. 149, 155 (1990).  Second, a plaintiff must establish a causal connection between the alleged injury and the conduct of which she complains.  Lujan, 504 U.S. at 560, 112 S.Ct. 2130.  That is, the injury must be "fairly traceable" to the defendant's actions.  Id. Third, a plaintiff must demonstrate that the injury is redressable in this action.  Vt. Agency, 529 U.S. at 771, 120 S.Ct. 1858.

The Federal District Courts in the Northern District of Ohio have specifically recognized the need for foreclosure plaintiffs to submit a copy of the "Assignment of the Note and Mortgage" to prove standing.  In re: Foreclosure Cases, 2007 WL 3232430 (N.D. Ohio 31 October 2007).

**Background and Analysis**

In its Complaint, Homecomings provides affidavit testimony that Ms. McNerney initially executed the Note and Mortgage on her home in Lakewood, Ohio, in favor of Homecomings on 27 December 2002, including the acknowledgment that Mortgage Electronic Registration Systems, Inc. (MERS) would serve as the nominee of Homecomings for the Mortgage.  (Doc. 1, Affidavit of Juan Aguirre, ¶ 4, Exhibits A-1 & A-2, Note and Mortgage respectively).  Homecomings further provides evidence that the Defendant's Note and Mortgage were assigned and transferred to GMAC Mortgage, LLC on 31 December 2007 (Doc. 1, Affidavit of Mr. Aguirre, ¶ 5; Exhibit A-3, Assignment of Note and Mortgage), and again assigned and transferred from GMAC Mortgage, LLC back to Homecomings on 14 October 2008.  (Doc. 1, Affidavit of Mr. Aquirre, ¶ 6, Exhibit A-4 Corrective Assignment of Note and Mortgage).  Homecomings also provides record evidence of the Assignment of Ms. McNerney's 27 December 2002 Note from GMAC Mortgage Corporation to GMAC Mortgage, LLC on 7 January 2008 (Doc. 14, Exhibit B Assignment of Note).  Evidence provided by Homecomings indicates that, throughout the life of the Note and Mortgage, GMAC Mortgage, LLC (*fka* GMAC Mortgage, Inc.) serviced Ms. McNerney's Note and Mortgage.  (Doc. 1, Affidavit of Mr. Aguirre, ¶¶ 8, 9, Exhibit A-5, Ms. McNerney's payment history showing the last payment on the Note as June 2003).  In its Complaint, by way of injury, Homecomings contends it is owed $205,532.83 as of 1 October 2009, due as a direct result of Ms. McNerney's failure to pay on the 27 December 2002 note after June 2003.  (Doc. 1, Affidavit of Mr. Aquirre ¶ 10; Exhibit A-6, Payment History; Exhibit A-7, Payoff Statement).

3

In her motion to dismiss for lack of standing, Ms. McNerney contends that, through a series of assignments of her Note and Mortgage, Homecomings lacks standing to enforce the foreclosure action before the Court.  (Doc. 10; Doc. 17, Reply Brief).  Ms. McNerney maintains that for Homecomings to possess standing required it not to assign the Note and Mortgage but, instead, required it to negotiate the Note and Mortgage through transfer.  Ms. McNerney maintains that the Note was not properly negotiated to Homecomings but was, rather, an "assignment" that does not transfer status as holder and owner of a promissory note under Ohio law.  (Doc. 10 p. 5).  For this proposition, Ms. McNerney relies upon Deutsche Bank Nat. Trust Co. V. Gardner, Cuyahoga App. No. 92916, 2010-Ohio-663, (25 February 2010), ¶21, in which the court noted:

> We recognize that a promissory note, as a negotiable instrument, is freely transferable and provides the holder with the right to demand money or bring suit to recover money on the note.  See R.C. 1303.22(A) and 1303.31.  "Under Ohio law, the right to enforce a note cannot be assigned-instead, the note must be negotiated in accord with Ohio's version of the Uniform Commercial Code.  See Ohio Rev. Code § 1301.01 et seq. and § 1303.01 et seq.; see also U.C.C. Article 3.  An attempt to assign a note creates a claim to ownership, but does not transfer the right to enforce the note."  In re Wells (N.D. Ohio 2009), 407 B.R. 873.

Deutsche Bank at ¶ 21.

Ms. McNerney also maintains there was no effective transfer of the Mortgage and Note from Homecomings to its nominee MERS.  (Doc. 10, p. 5).  Finally, the Defendant relies upon an endorsement stamp on the 27 December 2002 Note (Doc 1, Complaint, Exhibit A-1), marked "GMAC Mortgage Corporation", to suggest that the Note is currently held by GMAC Mortgage Corp., and that neither GMAC Mortgage,

4

LLC, nor the current Plaintiff, Homecomings Financial, LLC (*fka* Homecomings Financial Network, Inc.), are proper plaintiffs in this action. (Doc. 10, pp. 1-4).

Importantly, Deutsche Bank does not stand for the narrow conception of assignment advocated for by Ms. McNerney. Instead, in that Ohio state case relied upon by the Defendant, when the state court was offered an unendorsed copy of the note, insufficient to show that Deutsche Bank was a "holder" of the note, the court turned to consider extrinsic evidence in the record to determine whether the note was transferred to the Bank. The Court concluded,

> the assignment of the note and mortgage to Deutsche Bank, together with the servicing of the documents on behalf of Deutsche Bank, demonstrated that Argent [Mortgage Company, LLC, the issuer of the note and mortgage] transferred and assigned to Deutsche Bank all of its rights and privileges to the note. Also, [Robert] Padilla [the servicer of the Defendant's loan] testified that Deutsche Bank was the holder of the note and mortgage. Upon this record, the trial court could properly conclude that Deutsche Bank was the holder of the note with the right to enforce payment thereon.

Deutsche Bank Natl. Trust Co. v. Gardner, Slip Copy, 2010 WL 663969, ¶ 22.

The Court finds sufficient the extrinsic evidence provided in the instant case, by Homecomings, to substantiate its standing claim. That evidence consists of the affidavit testimony of Mr. Aguirre, Senior Litigation Analyst for Homecoming, the Note and Mortgage Assignments, the servicing records from GMAC Mortgage LLC (*fka* GMAC Mortgage, Inc.). This evidence combines, under the protocols outlined in Deutsche Bank, to enable the Court to conclude that, under Ohio state law, Homecomings is the holder of the Note and Mortgage and has standing to seek remedy for its alleged financial injury.

Ms. McNerney's alternative argument, that no transfer of the Mortgage occurred from Homecomings to MERS, similarly fails.  Ohio courts recognize the right of a nominee like MERS to act as mortgagee of record in foreclosure transactions and to transfer the original lender's rights in the note and mortgage.  See Bank of New York v. Dobbs, Slip Copy, 2009 WL 2894601 (Ohio App. 5 Dist.,2009), ¶¶ 26, 36 (finding clear intent by the parties to keep the note and mortgage together where each refers to the other, concluding that the chain of title between original lender, MERS, and plaintiff bank was not broken).

In the instant case, the assignments from MERS to GMAC Mortgage, LLC and back to Homecomings (Exhibits A-3 & A-4) reflect a clear intent to transfer both the Note and Mortgage, along with the attendant right to enforce the Note.  Such clear intent leaves the chain of title unchallenged, and legally substantiates Homecomings as the owner and holder of the Note and Mortgage with standing to pursue its claim in foreclosure.

Ms. McNerney's final claim, that GMAC Mortgage Corporation is the holder of the Note, similarly lacks merit.  The unchallenged record indicates that GMAC Mortgage Corp. serviced Ms. McNerney's loan in its entirety and was subsumed into GMAC Mortgage, LLC.  (Affidavit of Mr. Aguirre, ¶ 8; Exhibit A-6, Mortgage Loan History).  As GMAC Mortgage Corporation confirmed its transfer of the Note to GMAC Mortgage, LLC through written "Assignment of Note" on 7 January 2008 (Doc. 14, Exhibit B), the Court finds no conflict between the endorsement on the 27 December 2002 Note and the written assignment, dated 31 December 2007, from Homecomings nominee MERS to GMAC Mortgage, LLC.  See Argent Mortgage Co. v. Ciemins, No. 90698, 2008 WL

6

4949848 (Cuyahoga App. Nov. 20, 2008) (assignment by separate written instrument effective to transfer both mortgage and associated promissory note); First Horizon Home Loan Corp. v. Roberts, No. 92367, 2010 WL 117698 (Cuyahoga App. Jan. 14, 2010).

## Conclusion

Accordingly, the Court finds that Homecomings has met its burden of proof to establish standing with legal sufficiency.  Ms. McNerney's Motion to Dismiss is, hereby, denied.


IT IS SO ORDERED.

                                          /s/Lesley Wells
                                          UNITED STATES DISTRICT JUDGE

Dated: 24 September 2010